IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTHIAN RON RODRIGUEZ CRUZ, individually and on behalf of a class of persons similarly situated, ) ) ) ) | |
| Plaintiff, ) | Case No. 21 C 4687 |
| ) | |
| v. ) | Judge John J. Tharp |
| ) | Magistrate Judge Jeffrey Cole |
| ANGRY CRAB CORPORATION; ) ANGRY VENTURES, LLC; and DAVID ) NGUYEN, a/k/a VINH NGUYEN, ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

Plaintiff Cristhian Ron Rodgriguez Cruz, individually and on behalf of a class of persons similarly situated, by his attorney, and for his Amended Complaint against Defendants Angry Crab Corporation, Angry Ventures, LLC, and David Nguyen, a/k/a Vinh Nguyen, states and alleges as follows:

INTRODUCTION

1. Plaintiffs worked as non-exempt employees in Back-Of-House positions for Defendants at Defendant's restaurants at 1308 Milwaukee Avenue and 5665 North Lincoln Avenue in Chicago, Illinois. Plaintiffs regularly worked overtime; but Defendants did not pay Plaintiffs or others similarly situated at 1½ times their regular hourly rates of pay when the employees worked overtime for Defendants, as required by federal, state and Chicago law.

2. Defendants committed these violations across a class of similarly situated employees of Defendants whose compensation was calculated by Defendants. That class, as more specifically defined below in this pleading and in paragraphs 39 & 45, is referred to herein as "Plaintiffs".

3. Plaintiffs' claims are brought in three counts, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL"), and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020 ("City Ordinance").

THE PARTIES, JURISDICTION & VENUE

4. Jurisdiction in this Court is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, pursuant to the Fair Labor Standards Act, because the matter concerns an action arising under a federal law. This Court's supplemental jurisdiction over Plaintiff's Illinois and City Ordinance claims is required pursuant to 28 U.S.C. § 1367(a), because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court as the illegal conduct alleged herein occurred primarily within this district.

6. Defendants currently operate two restaurant locations in Chicago, both doing business as "The Angry Crab", and "Angry Crab Chicago", located at 5665 North Lincoln Avenue and 1308 North Milwaukee Avenue. Defendants' website, at http://www.theangrycrabchicago.com/, uses both of those names, and states that Defendants'

restaurants are "not affiliated in any manner with The Angry Crab Shack chain of restaurants."

7. Each of Defendants' locations operates as "The Angry Crab", and Defendants conduct advertising and marketing as a single business, d/b/a "The Angry Crab."

8. Defendant have each at all relevant times employed 21 or more employees.

9. Each location is operated through a reporting structure whereby Defendant Vinh Nguyen, also known as David Nguyen, an individual, acts as chief executive officer, who in turn directs the corporate or limited liability company defendant's actions.

10. Defendant Angry Crab Corporation is an active registered Illinois corporation. Vinh Nguyen, an individual, is its registered agent, president and secretary.

11. Defendant Angry Crab Corporation is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

12. Defendant Angry Ventures, LLC is an active registered Illinois limited liability company. Vinh Van Nguyen, an individual, is one of its managers.

13. Defendant Angry Ventures, LLC is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

14. During the course of their employment with Defendants, Plaintiffs handled goods, including perishable food products, that moved in interstate commerce.

15. At all relevant times, both before, during, and after Plaintiffs' employment with Defendants, each of Defendants has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

16. Plaintiff Cristhian Ron Rodgriguez Cruz is an individual, and a resident and citizen of Chicago, Cook County, Illinois. Plaintiff Cruz was employed by Defendants primarily at Defendants' location on Milwaukee Avenue in Chicago. Plaintiff Cruz is a former employee of Defendants.

17. At all relevant times, Plaintiff and each of those persons similarly situated to him (herein "Plaintiffs") have been an "employee" or "covered employee" of one or the other or each of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

FACTS

18. Plaintiff Cruz was hired in October, 2019 by Defendant David Nguyen, to work for Defendants primarily as a line cook and also as a dish washer. Neither position involves customer contact; and neither position is a customarily tipped position in the restaurant industry.

19. Plaintiff Cruz routinely worked over 40 hours per week since that time for Defendants, until his employment was terminated in October, 2020.

20. Defendants were aware that Plaintiff and other similarly situated employees worked in excess of forty hours per week; but Defendants did not compensate them at a rate of 1 ½

times their regular hourly rate of pay for that time worked beyond forty hours worked in a work week.

21. Instead, Plaintiff and others similarly situated were paid straight time for all time recorded; and were also compensated in part with tips from a tip pool.

22. Documentation that time was worked by Plaintiffs in excess of forty hours per week is reflected generally in Defendants' time-keeping system.

23. Plaintiffs are not employees engaged in an occupation in which gratuities have customarily and usually constituted or have been recognized as part of their remuneration, as required by the FLSA, the IMWL and the City Ordinance (*see, e.g.*, 1-24-030(a)).

24. The tip pool from which Plaintiffs were partially compensated was mandated by Defendants' policy, and did not arise as the result of a voluntary agreement between Plaintiffs and employees who worked in positions that are customarily tipped.

25. Defendants have improperly and unlawfully attempted to take a tip credit for such payments when the tip credit may be taken only for time worked by the employee in an occupation in which the employee qualifies as a "tipped employee" under the FLSA, the IMWL and the City Ordinance.

26. Defendants used a payroll computer program to track Plaintiffs' time worked and that of all of their employees; and have in their possession, as required by 29 C.F.R. §516.2 *et seq.*, records of Plaintiffs' regular hourly rate of pay and total pay for all time worked; and they have used such a program since prior to the time Plaintiffs began their employment with Defendants.

27. Defendants have utilized the same manner and method of calculating time and pay for Plaintiffs as they did numerous other similarly situated employees whom they compensated on an hourly basis, at a straight time rate or less, and without paying overtime at 1 ½ times such employees' regular rate. The exact identity of those other employees is within Defendants' exclusive possession and control.

28. Defendants typically paid Plaintiff and other similarly situated employees with cash, rather than through check or direct deposit.

DEFENDANTS' FAILURE TO PAY OVERTIME WAGES PROPERLY

29. Plaintiffs and other similarly situated hourly employees of Defendants routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

30. Plaintiffs and Defendants kept time records which demonstrate that Plaintiffs and other similarly situated hourly employees of Defendants routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

31. Plaintiffs and other hourly employees of Defendants are entitled to overtime compensation of one and one half times their regular rate of pay for each hour or fraction of an hour worked in excess of forty hours per workweek for all time they worked in excess of forty hours in any given workweek.

32. Defendants have and have had a policy and practice of failing to pay the proper amount of overtime wages to Plaintiffs, as well as to Defendants' other similarly situated hourly employees, based on the employee's regular hourly rate. That practice is as set forth above in, *inter alia*, ¶¶ 18-28, and in the payroll records of other of Defendants' non-exempt employees.

33. Defendants did not pay overtime at the correct overtime rate for any time worked by Plaintiff or the other similarly situated employees Plaintiff seeks to represent in this action. For example, for the week ending January 5, 2020, Plaintiff Cruz was recorded by Defendants as having worked 51.63 hours; and Defendants have recorded "Base Pay" for that period totaling $567.58, which equates to $10.99 per hour for each hour worked during that week, instead of the correct straight time rate of $13.00 per hour and the correct overtime rate of $19.50/hour for those hours worked beyond forty in a week for an employer employing 21 or more employees.

34. Plaintiff Cruz was thus underpaid by the amount of $2.01 per hour of straight time that week, or $80.40, and was underpaid by the amount of $8.51 per hour of overtime worked that week, or $98.97, for a total underpayment of 179.37 in that work week ending January 5, 2020.

35. Section 7 of the FLSA, 29 U.S.C. § 207, Section 4a of the IMWL, 820 ILCS §105/4a, and Section 1-24-020 of the City Ordinance require employers to pay employees one and one half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

36. Defendants' practice, as set forth above in, *inter alia*, ¶¶ 18-28, of failing to pay the proper amount of straight time and overtime wages has caused Plaintiffs and other hourly employees of Defendants to be deprived of an amount due them and ascertainable through a review of the payroll records that Defendants are legally required to maintain; the exact amount is presently not ascertainable by Plaintiffs.

FACTS IN SUPPORT OF COLLECTIVE ACTION CERTIFICATION

37. Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendants who were not paid the full amount of straight time or overtime wages earned and owed to them, without regard to any amount paid as tips or claimed as a tip credit.

38. Section 16(b) of the FLSA allows for a collective action "against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

39. Plaintiff seeks to send notice of this lawsuit to the following described persons:

>  All persons who worked for any of Defendants as hourly employees at any time between September 1, 2018 and the present who were not paid the full amount of straight time or overtime wages earned and owed to them.

40. There are questions of law or fact common to the employees described in paragraph 39, even though there may be distinctions in their job titles, functions or pay.

41. Plaintiffs are similarly situated to the employees described in paragraph 39, because the putative class members and Plaintiffs were together the victims of a single decision, policy, or plan, as set forth above in ¶¶ 18-28.

42. Plaintiffs' claims and Defendants' defenses to those claims are typical of the claims or defenses of the persons described in paragraph 39; and there is sufficient similarity between the named and any opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.

43. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately

protect the interests of the persons described in paragraph 39.

CLASS ACTION ALLEGATIONS

44. Plaintiffs bring Counts II & III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other current and former hourly employees of Defendants who did not receive the full amount of straight time and overtime wages, respectively, earned and owed to them.

45. Plaintiffs seek certification of the following class pursuant to Counts II & III:

> All persons who worked for Defendant as hourly employees in Illinois at any time between September 1, 2018 and the present who did not receive the full amount of overtime wages earned and owed to them.

46. The number of present and former employees described in ¶45 is so numerous that joinder of each of them, as individual parties to this action, is impractical.

47. There are questions of law or fact common to the persons described in ¶ 45, including whether each such person received the correct amount of overtime compensation; and those questions predominate over any questions affecting only individual members.

48. Plaintiffs are similarly situated to the persons described in ¶ 45 as Plaintiffs' claims are typical of the claims of those persons.

49. This is not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the persons described in ¶ 45.

50. A class action is the superior and most appropriate method for the fair and efficient resolution of the matters alleged in Count II & III.

51. At all relevant times, Defendants employed Plaintiffs and the persons described in ¶ 45.

52. At all relevant times, Defendants paid Plaintiffs and the persons referenced in ¶ 45 to work.

Count I - FLSA

Failure to Pay Proper Wages vs. All Defendants

53. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 52 as Paragraph 53 of this Count I.

54. Plaintiffs seek to recover from Defendants unpaid wages, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b).

55. Defendants' practice, as described in, *inter alia*, ¶¶ 18-28, of failing to pay Plaintiffs and the persons described in paragraph 39 the proper amount of straight time and overtime wages due to them has resulted in Defendants' hourly employees not being paid the full amount of straight time and overtime wages owed them, in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

56. Defendants have failed to pay Plaintiffs and the persons referenced in paragraph 39 the full amount of overtime wages they earned for all time worked in excess of forty hours per workweek.

57. Defendants' failure to compensate Plaintiffs and the persons referenced in paragraph 39 the full amount of overtime wages for all time worked in excess of forty hours per workweek violates Section 7 of the FLSA, 29 U.S.C. § 207.

58. Defendants' violation of the FLSA was willful: Defendants are experienced business people, and are fully aware of the obligations to pay overtime under state, federal and municipal law for all time worked beyond forty hours each week.

59. Plaintiffs and the persons referenced in paragraph 39 have been damaged by not being paid overtime wages due to them in an amount not presently ascertainable for the relevant time period.

WHEREFORE, Plaintiffs demand a trial by jury on this and all counts so triable, and pray that this Court award them the following relief under Count I: (a) Certify the collective described in paragraph 39 as a class, pursuant to the FLSA; (b) appoint Plaintiffs' counsel as counsel for the collective; (c) grant Plaintiffs' counsel leave to send notice of this lawsuit to the members of the class referenced in paragraph 39 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (d) award Plaintiffs and all persons who opt-in all unpaid overtime wages they earned, plus liquidated damages; (e) enjoin Defendants from retaliating against Plaintiffs or any claimant who may seek to opt in to this case; (f) award Plaintiffs and all persons who opt in their attorneys' fees and costs; (g) award an appropriate incentive fee to Plaintiffs for their service in bringing this matter; and (h) grant such further relief as this Court deems equitable and just.

COUNT II - IMWL

FAILURE TO PAY PROPER WAGES VS. ALL DEFENDANTS

60. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 36 and 44 through 52 as Paragraph 60 of this Count II.

61. Plaintiffs seek to recover from Defendants unpaid wages, statutory penalties, attorneys' fees and costs pursuant to Section 12(a) of the IMWL, 820 ILCS § 105/12(a).

62. Defendants' practice, as set forth in, *inter alia*, ¶¶ 18-28 of failing to pay Plaintiffs and the other members of the putative Class referenced in ¶ 45 the proper amount of overtime

wages due to them has resulted in Defendants' hourly employees not being paid the full amount of straight time and overtime wages owed them, in violation of Section 4a of the IMWL, 820 ILCS § 105/4a.

63. Defendants have deliberately failed to pay Plaintiffs and the other members of the putative Class defined in paragraph 45 the full amount of overtime wages they earned for all time worked in excess of forty hours per workweek.

64. Defendants' failure to compensate Plaintiffs and the other members of the putative Class the full amount of overtime wages for all time worked in excess of forty hours per workweek violates Section 4a of the IMWL, 820 ILCS § 105/4a.

65. Plaintiffs and the other members of the putative Class have been damaged by not being paid overtime wages due to them in a total amount not presently ascertainable for the relevant time period.

WHEREFORE, Plaintiffs demand a trial by jury on this and all counts so triable, and pray that this Court award them the following relief under Count II: (a) certify the Class, defined in paragraph 45, pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) award Plaintiffs and the members of the Class all unpaid overtime wages they earned, plus statutory penalties; (c) award Plaintiffs and the members of the Class their attorneys' fees and costs; (d) award an appropriate incentive fee to Plaintiffs for their service in bringing this matter; and (e) grant such further relief this Court deems equitable and just.

### COUNT III - City of Chicago Minimum Wage Ordinance

#### FAILURE TO PAY PROPER WAGES VS. ALL DEFENDANTS

66. Plaintiffs reallege and incorporates by reference Paragraphs 1 through 36 and 44 through

52 as Paragraph 66 of this Count III.

67. This count arises from Defendants' violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiffs bring this action pursuant to Chapter 1-24, Section 1-24-110.

68. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1- 24-020, for all time Plaintiffs worked for Defendants they were entitled to be compensated at the applicable City of Chicago Minimum Wage.

69. Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiffs at the then-applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks.

70. Plaintiffs were not paid an hourly wage for the work they performed on behalf of Defendant at their Chicago, Illinois locations.

71. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1- 24-110, Plaintiffs are entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiffs demand a trial by jury on this and all counts so triable, and pray that this Court award them the following relief under Count II: (a) certify the Class, defined in paragraph 45, pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) award Plaintiffs and the members of the Sub-Class all unpaid overtime wages they earned, plus statutory penalties; (c) award Plaintiffs and the members of the Class their attorneys' fees and costs; (d) award an appropriate incentive fee to Plaintiffs for their service in bringing this matter; and (e) grant such further relief this Court deems equitable and just.

COUNT IV - Wrongful Termination (solely on behalf of Plaintiff Cruz)

RETALIATORY DISCHARGE VS. ALL DEFENDANTS

72. Plaintiff Cruz realleges and incorporates by reference Paragraphs 1 through 28 as Paragraph 72 of this Count IV.

73. In October, 2020, Plaintiff Cruz was seriously injured while at work on the premises of Defendants' restaurant, by a spillage of scalding hot water, which water fell on his foot.

74. Plaintiff Cruz immediately reported the injury to his supervisor, and requested permission to leave the work premises to seek medical treatment, and requested reimbursement of all medical expenses related to the injury.

75. Plaintiff's supervisor refused to immediately grant leave to Plaintiff Cruz to leave the work premises for medical treatment.

76. Plaintiff's supervisor refused to provide reimbursement of medical expenses related to the injury; directed Plaintiff to use a pseudonym when seeking medical treatment; and instructed Plaintiff not to tell medical personnel that he was injured while at work.

77. Plaintiff nonetheless sought medical treatment for his injuries sustained while working.

78. Defendants immediately terminated Plaintiff's employment, in retaliation for Plaintiff's making a claim for work related injuries under the Illinois Workers Compensation Act, in violation of the Illinois Workers Compensation Act, 820 ILCS 305/4 (h).

79. The termination of Plaintiff's employment was intentional, malicious and was in retaliation for the Plaintiff's making Defendants aware of his claim for benefits under the Illinois Workers' Compensation Act and for exercising his rights or seeking his remedies

available under the Act.

80. The egregiousness of Defendants' conduct in terminating Plaintiff's employment as described herein makes an award of punitive damages necessary and appropriate, as a punishment for Defendants' conduct, and to deter similar future conduct.

81. As a result of the termination of his employment, Plaintiff Cruz has suffered, and will continue to suffer, economic loss, emotional distress, humiliation and other harm.

WHEREFORE, Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award him actual, consequential and punitive damages in an appropriate amount, including back pay; that he be ordered reinstated to his former position; that he be awarded his reasonable attorney's fees in bringing this action; and for such other and further relief as this Court may deem appropriate.

DATED: October 21, 2021

Respectfully submitted,

Cristhian Ron Rodriguez Cruz, individually and on behalf of a class of persons similarly situated

/s/ Jeffrey Grant Brown
   Jeffrey Grant Brown
   Plaintiff's attorney

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd.
Suite 107
Chicago, Illinois 60604
(312) 789-9700
Attorney for Plaintiffs