IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRISTHIAN RON RODRIGUEZ CRUZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 21 C 4687 |
| v. | ) ) | Honorable John J. Tharp |
| ANGRY CRAB CORPORATION; ANGRY VENTURES, LLC and DAVID NGUYEN, a/k/a VINH NGUYEN, | ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | | |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF APPROVAL OF SETTLEMENT OF FLSA CLAIMS AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Cristhian Ron Rodriguez Cruz (herein, "Cruz"), Larry Adams, Johnny Figueroa, Jorge Gomez, Francisco Hernandez, Pablo Mata, Carlos Panora, Fidel Rojas, Samuel Soto, Daniel Villanueva, Minh Bien and Quintin Torres (collectively, including Cruz, referred to herein as "Plaintiffs") move, unopposed by Defendants Angry Crab Corporation, Angry Ventures, LLC and Vinh "David" Nguyen ("Defendants") (collectively, "the Parties") for the entry of an order approving the Parties' Settlement Agreement And Release (attached hereto as Exhibit 1, herein, "Settlement Agreement"), and providing for the following relief:

1. A finding that the settlement terms memorialized in the Settlement Agreement are fair, reasonable, and adequate;

2. Requiring Defendants to make the payments provided for in Sections 2 and 3 of the

Settlement Agreement;

3. Declaring the Settlement Agreement terms to be binding on Plaintiffs and Defendants;

4. Approving the amount of attorneys' fees and costs to be awarded to Jeffrey Grant Brown, P.C consistent with Section 3 of the Settlement Agreement; and

5. Dismissing the Lawsuit with prejudice.

In support, Plaintiffs submit this Memorandum of Law in Support of their Unopposed Motion to Approve Settlement of FLSA claims and Order of Dismissal with Prejudice.

**I. Factual & Procedural Background**

At issue in this case is whether Defendants properly compensated Plaintiffs for straight time and overtime worked. Plaintiff Cruz, individually and on behalf of a collective of persons similarly situated, filed his Complaint on September 1, 2021, Doc. #1. Count I of Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act ("FLSA") for alleged failure to properly pay straight time and overtime compensation. *Id*., ¶ 54. Plaintiff Cruz was employed as a cook at Defendant Angry Crab Corporation's restaurant on North Milwaukee Avenue in Chicago. Plaintiff filed an Amended Complaint on October 21, 2021, Doc. #10, alleging similar allegations against Defendant Angry Ventures, LLC and adding it as a Defendant (it operates a second restaurant on North Milwaukee Avenue in Chicago, Illinois), after opt-in Plaintiff Fidel Rosas filed his consent in this matter pursuant to 29 U.S.C. § 216(b). Plaintiff Rosas was also employed as a cook, for Defendant Angry Crab Corporation's restaurant on North Lincoln Avenue in Chicago, as well as at the North Milwaukee Avenue restaurant. Plaintiffs allege that they were incorrectly compensated under the FLSA and related Illinois and Chicago wage statutes, and seek wages and liquidated damages for all time worked, on behalf of themselves and a collective of all similarly-situated employees at the two Angry Crab

restaurant locations in Chicago, Illinois.

Plaintiffs moved unopposed for Conditional Certification of a collective, and for Court Supervised Notice to Issue, Doc. # 18. Plaintiffs Cruz and Rosas filed declarations in support of their motion, setting forth relevant facts about their employment with Defendants and about their compensation. Docs. #18-1, 18-2. The Court entered an order granting Plaintiffs' Motion for Conditional Certification, and modifying the proposed notice period, Doc. #20. Court-approved notice was sent by U.S. mail and/or email to addresses supplied by Defendants. The notices included Court-approved consent forms pursuant to 29 U.S.C. § 216(b).

A total of twelve (12) persons, including Cruz and Rojas, returned consent forms to opt into the collective action portion of Plaintiff's suit, and their consent forms have been filed with the Court. Two of the consent forms were filed after the notice period set forth in the Court's order and the notice to the collective; and Defendants have agreed to include those two claimants as Plaintiffs in the collective action, solely for purposes of this settlement.

Defendants deny that Plaintiffs are entitled to any additional compensation or overtime pay and believe that Plaintiffs' claims are barred because Defendants assert that Plaintiffs were properly compensated as required under the FLSA and that they received all wages to which they were due and entitled. Defendants further claim that they had a good-faith belief that they were in compliance with the FLSA, and, if there is an FLSA violation, it was not done knowingly.

The Parties have exchanged substantive payroll information reflecting time records, compensation records and spreadsheets reflecting dates and time worked and compensated, and it is anticipated that there would be a factual dispute about the number of employees

employed by each Defendant (which impacts the hourly rate at which an employee is to be compensated under the Chicago Minimum Wage Ordinance), when an employee became "newly employed" (the hourly rate for a new employee varies under the Illinois Minimum Wage Law and the Ordinance), whether Defendants together constitute a "Joint Employer", and whether Defendants could properly compensate Plaintiffs, who were back-of-house restaurant employees, as "tipped" employees. The amount of time worked beyond 40 hours in some work weeks is also an issue that is contested, along with whether, if Plaintiffs were improperly compensated, Defendants exercised good faith in compensating Plaintiffs and therefore whether any wage violations were willful.

## II. Settlement Terms

The terms of the Parties' settlement are as set forth in Exhibit 1 hereto. First, the parties agreed that it was in the best interest of the parties to resolve the case solely on behalf of the twelve Plaintiffs who have opted into the case, because any further process would lead to substantial costs to all Parties with uncertain results. While notices of this action were sent to all members of the certified collective of back-of-house employees at both of Defendants' Chicago restaurant locations, and while Defendants agreed to accept the tardy participation in this settlement of two claimants, no other employees expressed an interest in participating in this case, though many others were made aware of it.

In order to construct an equitable process for determining the total settlement amount and to disperse the settlement funds to the Plaintiffs, the parties exchanged calculations of the actual time worked and the actual compensation paid to opt-in Plaintiffs for that work during the entire possible period of recovery, three years prior to the filing of Plaintiff's Complaint

and each opt-in's consent. The parties have agreed to terms of a settlement solely for the twelve members of the collective previously conditionally certified by this Court, who are to receive payments totaling $36,361. Each of the twelve Plaintiffs will receive 150% of their calculated damages, based upon payroll and compensation records provided by Defendants reflecting their employment during the class period. Defendants will separately compensate Plaintiffs' counsel, based upon counsel's lodestar, for fees and costs incurred, in the amount of $29,500. Payment to Plaintiffs will be made by Defendants within five business days of the approval by this Court of the terms of settlement, which are set forth in the attached Settlement Agreement and Release, Exhibit 1.

### III.     FLSA Proceedings and Approval Process

The FLSA requires a subject employer to pay its employees a statutory minimum hourly wage, and to compensate its employees at one and one-half times the statutory regular rate for a workweek longer than forty hours. See 29 U.S.C. §§ 206, 207. *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 972 (N.D. Ill. 2019). Plaintiffs allege a failure to compensate appropriately, which Defendants deny. The parties have reached an agreement to resolve their dispute; and seek approval of their settlement agreement, as required in cases brought under the FLSA. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Weiss v. Youtos,* No. 20-cv-990-slc, 2021 U.S. Dist. LEXIS 109541, at *3 (W.D. Wis. June 9, 2021).

"Stipulated settlements in a FLSA case must be approved by the Court" with an eye toward the agreement's fairness, because there is "a fear that employers would coerce employees into settlement and waiver." *Owens v. GLH Capital Enter.*, Case No. 16-CV-1109,

2018 U.S. Dist. LEXIS 39112, 2018 WL 1240461, at *1 (S.D. Ill. Mar. 9, 2018) (citations omitted). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne,* 750 F. Supp. 2d 990, 995 (N.D. Ind. Nov. 1, 2010) (internal alteration and quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*.

"A one-step settlement approval process is appropriate" in FLSA collective actions. *Knox v. Jones Grp.*, Case No. 15-cv-1738, 2017 U.S. Dist. LEXIS 146049, 2018 WL 3834929, at *2 (S.D. Ind. Aug. 31, 2017) (citing multiple cases adopting a one-step approach). In other words, the Court can review and approve the settlement agreement without holding a final fairness hearing or adhering to the other requirements contained in Rule 23 of the Federal Rules of Civil Procedure. *See, Bloomberg BNA, The Fair Labor Standards Act,* 17.X.D (3d ed. 2017) ("In cases that only present FLSA claims, a fairness hearing is not required. A collective action settlement may be brought to the court on a single motion to approve the settlement and enter a stipulated judgment."); see also *Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 U.S. Dist. LEXIS 65474, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015); *Castillo v. Noodles & Co.*, 2016 U.S. Dist. LEXIS 178977, 2016 WL 7451626 (N.D. Ill. Dec. 23, 2016). This is due

to the fundamental differences between "opt-in" collective actions and "opt-out" class actions governed by Rule 23, in which the failure to opt in to an FLSA lawsuit does not prevent potential members who have not opted into the collective from bringing their own suits in the future", *id.*, *3.

**IV. Factors to Consider in Evaluating the Settlement of an FLSA Action**

    A. <u>There Must Be a *Bona Fide* Dispute Under the FLSA</u>

Courts generally approve settlements that are the product of "'contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Rambo v. Global Diversified,* 2021 U.S. Dist. LEXIS 14262, at * 2 (C.D. Ill., Jan. 26, 2021)(*quoting Ellison v. Nisource, Inc.*, 2016 WL 782857, at *1 (N.D. Ind. Feb. 29, 2016).

Beginning with the parties' pleadings, they have demonstrated their opposed views on the facts, and they have objectively stated the facts and legal issues involved in this case which create at least some doubt as to whether Plaintiffs would succeed on the merits, and at what level. *See Rambo,* at *3. Thus, this case presents a *bona fide* dispute on the issue of the amount of time worked, and whether Plaintiffs were properly compensated, as well as the applicability of Defendants' defenses.

    B. <u>The Settlement's Terms are Fair, Reasonable, and Consistent with the Act.</u>

The nature of the claims and the nature of the settlement payment to be received by each Plaintiff demonstrates the reasonableness and fairness of the proposed settlement. The parties have recognized and agreed that, based on the records of Defendants that have been produced

by Defendants, the number of Plaintiffs and the number of alleged overtime hours worked is relatively small; but that the parties consider the individual payment to each Plaintiff who has participated in this matter "fair."

In addition, the Settlement Agreement was entered into after both sides were counseled by their respective attorneys on the risks and benefits of continuing the litigation. Extensive information was provided by Defendants, reflecting payroll and time records for the duration of the employment of each of the Plaintiffs who opted into this case, following preliminary certification and the issuance of notice to the collective. To avoid the further expense, time and uncertainty of litigation, the parties agreed that it is in all Parties' best interest to settle this case, with damages calculations performed on an individual basis. These discussions led to the exchange of numerous settlement demands and offers. The parties, through arm's length negotiations, after two continuances before Magistrate Judge Cole, and over a period of several months, came to the agreement set forth in the proposed Settlement Agreement and Release. Prior to reaching agreement on settlement, the parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Only after continued negotiations virtually through the date of the Settlement Agreement were the parties able to resolve this dispute. Accordingly, the Court may fairly conclude that the Settlement was the product of contested litigation that was resolved by arm's length negotiations.

Plaintiffs faced the added risk that, without settlement, a resolution of this dispute through trial would likely be appealed by the unsuccessful litigant for what could be years of appeals. In addition, a trial would also have to address the issue of the good faith defense available to Defendants: If Defendants could demonstrate to a jury that their acts (or

omissions) were taken in good faith, believing that their actions did not violate the FLSA, the Court might conclude that the violation (if any) was not willful and therefore could reduce the application of the three-year statute of limitations or the award of liquidated damage under the FLSA. Likewise, Plaintiffs cannot guarantee they will be awarded liquidated damages under the FLSA if Defendants could prove good faith. In contrast, Defendants, while steadfast in their belief that their compensation of Plaintiffs was proper, run the risk that a jury would disagree and award unpaid overtime and liquidated damages to Plaintiffs in excess of the amounts of the settlement payments provided by the Settlement Agreement; and, if others were to be permitted to opt in later, Defendants' exposure could increase. There is no evidence or even any suggestion that the settlement was affected by any improper consideration, such as undue influence, duress, intimidation or coercion. Thus, the settlement is fair and reasonable when viewed against the risks, expenses and delays inherent in litigation.

Both sides have been ably represented by counsel well-versed in the FLSA and the complexity and cost of collective litigation under the FLSA. The settlement's terms are fair and reasonable, and do not extract unwarranted obligations in contravention of the FLSA's remedial purposes. As noted, Plaintiffs will receive a recovery here in excess of their actual damages. In the opinion of Plaintiff's counsel, the result reached here is an excellent outcome. Brown Decl., ¶ 9, attached as Exhibit 2. When experienced counsel supports the settlement, their opinions are entitled to considerable weight. *See In re Mexico Money Transfer Litigation*, 164 F.Supp.2d at 1020; see also *Meyenberg v. Exxon Mobil Corp.*, 2006 U.S. Dist. LEXIS 97057, *18 (S.D. Ill., June 6, 2006) (Wilkerson, J.). In contrast, "judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Veizaga v. Nat'l. Bd. for Respiratory Therapy*, 1980 U.S. Dist. LEXIS, 12670 (N.D.

Ill., July 14, 1980) (Aspen, J.). All opt-in Plaintiffs give only a release limited to FLSA and wage and hour claims for hours worked as non-exempt back-of-house worker. Agreement, ¶ 1(a). The release terms specifically protect against any unintended consequences under principles of res judicata or claim preclusion that this settlement might somehow affect any other known or unknown claims Plaintiffs may have that were not specifically released. *Id;* ¶ 1(c).

Finally, it bears noting that the Agreement does not impose any confidentiality, no-rehire, or other similarly restrictive provisions that have given some courts pause in deciding FLSA settlement approval. *See, e.g., Otto v. S.-East Asia Ctr.*, No. 12 C 203, 2012 U.S. Dist. LEXIS 150508, at *2 (N.D. Ill. Oct. 19, 2012) (denying motion to approve FLSA settlement due to impermissible confidentiality provision).

C. <u>The Settlement Is Reasonable Based on Potential Recoveries and Outcomes.</u>

"FLSA claims typically involve complex mixed questions of fact and law." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981). This settlement resolves the parties' litigation involving complex issues of fact and law. The parties take different positions on valuation of litigation risks, potential outcomes, damages methodologies, and even who are proper parties. Defendants assert that their payment of compensation to Plaintiffs exceeded any obligation imposed by any of the statutes at issue. Obviously, if Defendants were to prevail on their good-faith and tip-credit defenses, all Plaintiffs would recover nothing (and potentially owe costs under Fed R. Civ. P. 54); and if Defendants failed to prove their defenses but Plaintiffs failed to prove that a FLSA violation was willful, many of the Plaintiffs who only worked within the third year preceding their consent filing dates would recover little or

nothing (and potentially owe costs under Rule 54), and Plaintiffs who had weeks worked during both the second and third year statute of limitations period would recover nothing for their weeks worked during the latter.

Even if Plaintiffs prevailed on liability and were credited with all overtime hours worked as claimed, and even if Defendants did not prevail on their "good faith" affirmative defense to an award of liquidated damages, the parties disagree on how unpaid overtime damages should be calculated. Defendants contend that Plaintiffs have in fact already been paid the equivalent of their overtime compensation. Plaintiffs disagree, and contend that the facts of the case do not warrant credit for the payment of compensation in the form of tips to back-of-house positions. Calculating damages based on Defendants' method would result in a significant reduction of the amount of damages that Plaintiffs contend would be awarded if Defendant's theory is accepted.

This case is still in its early stages, filed in September, 2021, and litigating the matter to its conclusion on the merits could entail considerably more time and expense. By resolving their claims against their employer(s) at this early stage, the collective plaintiffs can avoid that expense and delay and receive their settlement payments now instead of seeking to recover a judgment months or years down the line. They are also able to avoid the risk that litigation always entails, since they could come away with nothing if they lose. As acknowledged in Plaintiff's counsel's declaration, substantial disputes exist between the parties on questions of law and fact relating to the issues of liability, defenses, and compensable damages. Hedging against those risks by agreeing to a settlement at this stage is not indicative of overreaching by the employer or a waiver of rights by the employees, but of a reasoned and counseled decision

by both sides.

In addition, while the parties have not engaged in written discovery or taken depositions, plaintiffs' counsel thoroughly investigated these wage claims by interviewing opt-in plaintiffs about the content and nature of their work and historical wage rates, and reviewed the relevant records. Thus, Plaintiffs' counsel was able to adequately evaluate the merits of their claims and the extent of their possible recovery. And, significantly, the settlement provides the collective plaintiffs with full recovery of unpaid wages plus a portion of liquidated damages that would have been available to them had they prevailed at trial. Plaintiffs' counsel has reviewed the terms of the settlement with Plaintiffs, and is unaware of any objection to its terms. Brown Decl., ¶ 14.

Plaintiffs' recovery under this settlement thus falls well within the range of reasonable recoveries for FLSA settlement approval. *See, e.g., Binissia v. ABM Indus.*, No. 13 cv 1230, 2017 U.S. Dist. LEXIS 153686, at *20-21 (N.D. Ill. Sep. 21, 2017) (holding FLSA collective action settlement providing "13% or 27% of the maximum net recovery falls in the range of a reasonable settlement outcome for the class members.") (*citing Sanchez v. Roka Akor Chi. LLC*, No. 14-cv-4645, 2017 U.S. Dist. LEXIS 65478, 2017 WL 1425837, at *7 (N.D. Ill. Apr. 20, 2017) (citing cases describing recoveries of 25-75% of claimed wages as exceptional)); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 U.S. Dist. LEXIS 20446 at *8 (N.D. Ohio Mar. 8, 2010) (opining that recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average).

Under the terms of this settlement, named and opt-in Plaintiffs will receive settlement payments (net of all fees and costs) in amounts ranging from a minimum of $100.00 to a

maximum of over $13,000, entirely dependent upon the duration of each Plaintiff's tenure during the class period, and their underpayment for straight time or overtime worked, as calculated by counsel. Each Plaintiff will receive 150% of their actual damages, assuming that they were damaged at all by being paid with funds from a tip pool, rather than being paid with other funds. This constitutes a substantial recovery. Brown Decl., ¶ 13.

    D.  <u>The Fees and Costs Sought by Plaintiffs' Counsel Warrants Approval</u>

Reasonable attorneys' fees and costs are recoverable in a collective action under the FLSA. *See Rambo v. Global Diversified,* 2021 U.S. Dist. LEXIS 14262, at *6-8 (C.D. Ill., Jan. 26, 2021). Plaintiffs are represented by attorney Jeffrey Brown, whose standard hourly rate for FLSA matters (which has been approved by other courts in other FLSA litigation) and hourly-paying clients is $595; Brown Decl., ¶ 7, and the attorney fees and costs to be paid under the Settlement Agreement and Release reflects that attorney's time and costs spent. Pursuant to the Agreement, Defendants agree to pay Plaintiffs' counsel's attorney's fees and costs in the amount of $29,500.00. This amount was negotiated entirely separately from the full damages-plus payments that each opt-in Plaintiff shall receive. See, Brown, Decl., ¶ 8. The fees are based on Plaintiffs' counsel's lodestar, calculated 1) at the rate of $595 per hour, which is the rate at which Plaintiff's counsel regularly bills his clients, and 2) based on a discount from Plaintiff's counsel's actual time devoted to the litigation of this matter. *Id.* . Because each of the statutes under which this matter proceeds provides for fee-shifting for a successful litigant, and based upon established case-law permitting the recovery of attorney's fees and costs in

such cases[1], Defendants ultimately agreed to the payment for reimbursement of attorney's fees and costs based upon Plaintiffs' counsel's lodestar.

V. **Conclusion**

Ultimately, the Parties' Settlement Agreement is fair and reasonable. For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant approval of the Parties' Settlement Agreement in full, and approve its terms as fair, reasonable and adequate; and permit the Parties to immediately implement its terms, including authorizing the disbursement of funds; and that it thereafter dismiss this action, with prejudice.

April 12, 2022                                                          Respectfully Submitted,

By: /s/Jeffrey Grant Brown
*Jeffrey Grant Brown*
Plaintiffs' attorney

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
312.789.9700
jeff@JGBrownlaw.com
ARDC # 6194262

**ATTORNEY FOR PLAINTIFFS**

---

[1] *See, e.g., Johansen v. Hycor Corp.*, No. 87 C 3960, 1991 U.S. Dist. LEXIS 9654, at *13-14 (N.D. Ill. Apr. 19, 1991) ("…payment of attorney's fees and costs to a prevailing party in an FLSA action is mandatory. *E.g., Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979); *Writ v. U-Let-Us Skycap Services, Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986); *Luther v. Z. Wilson, Inc.*, 528 F. Supp. 1166, 1176 (S.D. Ohio 1981)").

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will serve all participants of record through the CM/ECF system.

                                                /s/Jeffrey Grant Brown
                                                Jeffrey Grant Brown