IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTHIAN RON RODRIGUEZ CRUZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ANGRY CRAB CORPORATION; ANGRY VENTURES, LLC and DAVID NGUYEN, a/k/a VINH NGUYEN, <br><br> Defendants. | Case No. 21 C 4687 <br><br> Judge John J. Tharp, Jr. <br><br> Magistrate Judge Jeffrey Cole |

**ORDER GRANTING APPROVAL OF SETTLEMENT OF FLSA CLAIMS AND DISMISSAL WITH PREJUDICE**

This matter coming to be heard on the unopposed Motion of Plaintiffs Cristhian Ron Rodriguez Cruz, Larry Adams, Johnny Figueroa, Jorge Gomez, Francisco Hernandez, Pablo Mata, Carlos Panora, Fidel Rosas, Samuel Soto, Daniel Villanueva, Minh Bien and Quintin Torres ("Plaintiffs") seeking approval of their Settlement Agreement and Release ("Settlement Agreement") with Defendants Angry Crab Corporation, Angry Ventures, LLC and Vinh "David" Nguyen ("Defendants") (collectively, "the Parties"), the Court having reviewed the Motion and supporting memorandum, the Settlement Agreement, and the Declaration of Jeffrey Grant Brown, Plaintiff's Counsel, the Court finds:

1. There exists a bona fide dispute between the parties, and the Settlement Agreement is the product of "contentious arm's-length negotiations," which were undertaken in good faith by counsel for the parties to resolve that dispute. Serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation, and the settlement terms memorialized in the Settlement

1

Agreement are fair, reasonable, consistent with the Fair Labor Standards Act, and adequate for approval by this Court;

2. The Settlement Agreement is reasonable based on potential recoveries and outcomes of the case and falls well within the range of reasonable recoveries for FLSA settlement approval;

3. This Court therefore approves the terms of the Settlement Agreement, in full;

4. Defendants have agreed to, and are hereby ordered to, make the payments provided for in Sections 2 and 3 of the Settlement Agreement, and the Settlement Agreement is hereby made a part of (and shall be an attachment to) this Order and shall be binding on Plaintiffs and Defendants;

5. Plaintiffs have agreed to and are hereby ordered to, adhere to the terms of the releases they provide pursuant to the Settlement Agreement;

6. The attorneys' fees and costs sought by Plaintiffs' counsel are fair and reasonable and are approved, and shall be paid as set forth in the Settlement Agreement;

7. All other terms of the Settlement Agreement are to be implemented as set forth in the Settlement Agreement; and

8. This matter is dismissed, with prejudice, with each party to remain responsible for his or its costs, except as otherwise set forth in the Settlement Agreement.

Date: April 13, 2022

John J. Tharp, Jr.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRISTHIAN RON RODRIGUEZ CRUZ, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ANGRY CRAB CORPORATION; ANGRY VENTURES, LLC and DAVID NGUYEN, a/k/a VINH NGUYEN, )<br><br>Defendants. ) | Case No. 21 C 4687<br><br>Judge John J. Tharp, Jr.<br><br>Magistrate Judge Jeffrey Cole |

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release (the "Settlement Agreement") is voluntarily made and entered into by and between Plaintiffs Cristhian Ron Rodriguez Cruz (herein, "Cruz"), Larry Adams, Johnny Figueroa, Jorge Gomez, Francisco Hernandez, Pablo Mata, Carlos Panora, Fidel Rosas, Samuel Soto, Daniel Villanueva, Minh Bien and Quintin Torres (collectively, including Cruz, referred to herein as "Plaintiffs"); and Defendants Angry Crab Corporation, Angry Ventures, LLC and Vinh "David" Nguyen, jointly and severally (herein, "Defendants") (collectively, the "Parties").

      Cruz filed a Complaint against Defendants in the Northern District of Illinois captioned above, alleging violations of the overtime provisions of the Fair Labor Standards Act and the Illinois Minimum Wage Law and the minimum wage and overtime requirements for the Chicago Minimum Wage Ordinance ("the Lawsuit"). The Lawsuit seeks the unpaid minimum wage and overtime amounts allegedly due plus liquidated damages, statutory penalties, attorneys' fees and costs. The Lawsuit also alleges a wrongful discharge claim on behalf of Cruz in which he alleges he was terminated in retaliation for a workplace injury and exercising his rights under the Illinois Workers' Compensation Act.

      Cruz moved unopposed for Conditional Certification of a 29 U.S.C. §216(b) collective action and Court- Supervised Notice to Issue; the District Court, Hon. John J. Tharp, Jr. entered an order (Doc. #19) granting Plaintiffs' Motion, with modifications and certifying a collective, the terms of which are incorporated herein by reference. Court-approved notice was sent pursuant to the Order by U.S. mail and/or email to addresses supplied by Defendants. In response, the above identified Plaintiffs filed executed consent forms with the U.S. District Court, pursuant to 29 U.S.C. § 216(b), which are all of the consent forms that have been accepted by the Parties as valid pursuant to the Court's Order.

Recognizing the uncertainty of the outcome of the Lawsuit through litigation, dispositive motion and/or trial, the Parties agree to settle the Lawsuit as follows:

1. **<u>Scope of Release</u>**

    a. In consideration of benefits inuring to the Plaintiffs as set forth in this Settlement Agreement, Plaintiffs release and forever discharge (i) Defendants; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendants ("Related Entities"); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, or owner of any entity referenced in subsection (i) or (ii) hereof ("Related Individuals") (Defendants, Related Entities and Related Individuals are collectively herein the "Released Parties") from any and all claims and/or causes of action (1) alleged in the Lawsuit, or which could have been alleged in the Lawsuit, including, but not limited to, any claims for unpaid minimum wage, overtime, unpaid wages, the failure to pay all wages due, unlawful deductions or retaliation related to the claims in the Lawsuit, and (2) under federal, state, local law or common law pertaining to the payment of wages, minimum wage, or overtime or retaliation under said laws, including, but not limited to, The Fair Labor Standards Act; Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Chicago Minimum Wage Ordinance and other state and local laws or regulations related to the payment of wages, which any Plaintiff has, might have, or might claim to have or have had against the Released Parties, individually or collectively, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, or suffered through the Effective Date of this Settlement Agreement.

    b. In addition to the scope of the Release granted in (a) above, Cruz also, on behalf of himself and his marital community, heirs, executors, administrators, and assigns, hereby waives, releases, and discharges any and all claims against the Released Parties (as defined above) ("Cruz Released Claims"). This release is comprehensive and Cruz Released Claims include all claims (including claims for costs or attorneys' fees), damages, causes of action, and disputes of any kind whatsoever, whether known or unknown, anticipated or unanticipated, contingent, or otherwise, occurring or that could be alleged to have occurred before the date and time of this Separation Agreement. Cruz understands and agrees that Cruz Released Claims include (but are not limited to) any and all claims for wages, employee benefits, bonus payments, reinstatement, back pay, front pay, injunctive relief, equitable relief and damages arising under: (a) any federal, state, local or foreign law relating to employment discrimination, retaliation or employee rights (including the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Family Medical Leave Act,); (b) any federal, state, local or foreign law relating to employment or termination rights and/or benefits (including the Employee Retirement Income Security Act of 1974 ("**ERISA**"), the Worker Adjustment and Retraining Notification Act,

and any state equivalent); (c) any federal, state, local, or foreign law relating to wage and hour law (including the Equal Pay Act and the Fair Labor Standards Act); and (d) any other basis for legal or equitable relief whether based on express or implied contract, tort, statute or other legal or equitable ground that in any way relates to Cruz's employment with Defendants, reputation, benefits, compensation or the termination of Cruz's employment with Defendants.

c. Notwithstanding anything set forth above in (a) and (b) or elsewhere, neither Cruz, Rosas nor any Plaintiff provides by their assent to the terms of this Settlement Agreement their release of claims for physical or mental injury arising under the Illinois Worker's Compensation Act, nor of any other claims which cannot be released as a matter of law, and such claims are specifically reserved from inclusion in this Settlement Agreement.

2. **Settlement Payment Amounts**

   a. In consideration for Plaintiffs' agreement to the terms of this Settlement Agreement and for complying with its terms, Defendants agree to pay a Settlement Payment Amount totaling Thirty-Six Thousand, Three Hundred Sixty-One Dollars and Zero Cents ($36,361.00) (the "Settlement Payment") to Plaintiffs to be allocated as follows:

      i. Christian Rodriguez $4,200

      ii. Fidel Rojas $13,500

      iii. Jorge Gomez $863

      iv. Francisco Hernandez $150

      v. Pablo Mata $1,553

      vi. Carlos Panora $375

      vii. Samuel Soto $7,275

      viii. Daniel Villanueva $3,000

      ix. Quintin Torres $663

      x. Larry Adams $200

      xi. Johnny Figueroa $100

      xii. Minh Bien $4,482

   b. In consideration for his agreement to the release of any and all claims alleging retaliation or wrongful discharge related to exercising rights under the Illinois Workers' Compensation Act and the general release in Section 1(b),

- 3 -

    Defendants agree to pay Cruz an additional Settlement Payment Amount totaling Two-Thousand Five-Hundred Dollars and Zero Cents ($2,500).

c. The Settlement Payment Amounts in 2a. and 2b above shall be paid by individual checks made payable to each Plaintiff in the above amounts. The individual checks paying the Settlement Payment Amounts shall contain, on the back of the check, the following limited endorsement: "By negotiating this check, I agree to be bound by the Settlement Agreement and Release in that case, and release Defendants & the Released Parties from all wage and hour claims I have while employed by Angry Crab or Angry Ventures." The individual checks shall be delivered to counsel for Plaintiffs, within five business days of the entry of an order of the U.S. District Court approving the terms of this Settlement Agreement and Release. Each of the Plaintiffs shall be separately responsible for the payment of payroll taxes, if any, resulting from the Settlement Payment Amount each is to receive as set forth above. Defendants shall issue calendar year 2022 Form 1099-MISC's to each Plaintiff on or before January 31, 2023, in the above amounts, by mailing said forms to the last known address of each Plaintiff.

d. If the Settlement Agreement is not approved by the Court, Defendants will cease to have any obligation to make these payments and the releases in Section 1 above will not be effectuated.

### 3. Attorneys' Fees and Costs

The parties have negotiated separately from the Settlement Payment Amounts the payment by Defendants of Plaintiffs' counsel's attorney's fees and costs, satisfying any and all claims to attorney's fees, expert's fees, administrative costs, expenses, other costs, relief, damages and any and all other amounts incurred on Plaintiffs' behalf as attorneys or counselors in this litigation ("Attorney's Fees and Costs"). Payment of Attorney's Fees and Costs, based upon Plaintiffs' counsel's lodestar and rate of $595/hour, in the amount of Twenty-Nine Thousand, Five Hundred Dollars ($29,500.00), will be made payable to "Jeffrey Grant Brown, P.C.", and shall be delivered to counsel for Plaintiffs, within five business days of the entry of an order of the U.S. District Court approving the terms of this Settlement Agreement and Release. The payment will be reported on an IRS Form 1099-MISC for calendar year 2022. Upon receipt of payment of Attorney's Fees and Costs, Plaintiffs' counsel shall release all Released Parties from any claims for attorneys' fees, costs, and expenses related to the Lawsuit, including without limitations all such fees and costs incurred in documenting the settlement, securing the Court's approval of the settlement, and obtaining dismissal of the Lawsuit.

### 4. Settlement Approval and Effective Date

Because this Settlement Agreement seeks to release claims under the Fair Labor Standards Act and effect a settlement with regard to a 29 U.S.C. §216(b) collective, Plaintiffs, through their counsel, shall seek approval of the terms of settlement

reached in this Settlement Agreement through the filing of a motion with this Settlement Agreement attached to the motion, which shall be unopposed by Defendants. The motion shall request the following relief:

1. Entry of an order approving the settlement terms memorialized in the Settlement Agreement as fair, reasonable, and adequate.

2. Entry of an order requiring Defendants to make the payments provided for in Sections 2 and 3 of the Settlement Agreement.

If the Settlement Agreement is approved by the court, an Order Approving Settlement Agreement should be entered by the court:

1. Approving this Settlement Agreement as fair, reasonable, and adequate;

2. Declaring the Settlement Agreement terms to be binding on Plaintiffs and Defendants;

3. Dismissing the Lawsuit with prejudice;

4. Indicating the amount of attorneys' fees and costs to be awarded to Jeffrey Grant Brown, P.C consistent with Section 3 of the Settlement Agreement; and

5. Requiring Defendants to make the payments as provided for in Sections 2 and 3 of the Settlement Agreement.

The Effective Date of this Settlement Agreement shall be the date of entry of an order approving the Settlement Agreement. Should the Court fail to dismiss the lawsuit with prejudice upon entry of its order approving the Settlement Agreement, Plaintiffs' counsel shall, upon receipt of the payments called for in 2a. and 2b., thereafter immediately file a Rule 41 stipulation to dismiss the Lawsuit, with prejudice, without costs, and with each of the Parties to bear their own fees and costs. If the Court does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the settlement hereunder, the entire Settlement Agreement will be voidable and unenforceable.

### 5. Non Admission of Liability

Defendants, for themselves and the Released Parties, deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Amended Complaint and the Lawsuit. Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendants or the Released Parties. The preceding sentence shall not apply to an action or proceeding to approve, interpret or enforce this Settlement Agreement.

### 6. Non-Interference with EEOC Activities

Nothing in this Agreement prohibits Cruz from filing a charge with the Equal Employment Opportunity Commission, reporting possible violations of law, or participating in an investigation by any federal, state or local government agency or commission, such as the Securities and Exchange Commission, the National Labor Relations Board, or the Department of Labor. Cruz does, however, waive any right to any reinstatement, damages, benefits, remedies or other relief resulting from such a charge, report, or investigation related to the Cruz Released Claims, except that Cruz may receive and fully retain a monetary award from a government-administered whistleblower award program, including, but not limited to, any award from the Securities and Exchange Commission.

### 7. Inadmissibility of The Settlement Agreement

The Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

### 8. Release Compromise of Bona Fide Dispute

The Parties agree that the terms of the Settlement Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over alleged unpaid wage and/or overtime claims under the FLSA and state and local law and the merits of Plaintiffs' claims and Defendants' defenses and agree to represent the same to the Court. The Parties further agree that the Settlement Agreement is a fair, reasonable, and adequate resolution of Plaintiffs' claims.

### 9. Communications

Unless otherwise specifically provided, all notices, demands, or other communications given under the Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To Plaintiffs:**

Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
Phone: 312-789-9700
Jeff@JGBrownLaw.com

**To Defendants:**

Gary R. Clark
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654-3406

Phone: 312-715-5040
Gary.Clark@Quarles.com

### 10. Construction

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Settlement Agreement. The Parties request that before declaring any provision of the Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in the Settlement Agreement and Release.

### 11. Representation by Counsel and Authority

Counsel for Plaintiffs represents and warrants that he is fully authorized to enter into this Settlement Agreement on behalf of each of the Plaintiffs.

### 12. Captions and Interpretations

Section titles or captions contained in the Settlement Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of the Settlement Agreement or any of its provisions.

### 13. Modification

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

### 14. Integration Clause

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by Plaintiffs, Defendants, or the Parties' legal counsel, are merged in the Settlement Agreement. No rights under the Settlement Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 13.

### 15. Binding on Assigns

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to this Settlement Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

**16. Counterparts and Facsimile Signatures**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. This Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

**17. Applicable Law**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Illinois to the extent federal law does not apply.

On Behalf of Plaintiffs

By: _Jeffrey Grant Brown_

Dated: _April 12, 2022_

ANGRY CRAB CORPORATION

By: _____

Its: _____

Dated: _____

ANGRY VENTURES LLC

By: _____

Its: _____

Dated: _____

VINH NGUYEN

_____

Dated: _____